ON RETURN TO REMAND
BOWEN, Judge.
In compliance with our order of remand in State v. Spears, 560 So.2d 1145 (Ala.Cr. App.1989), the trial court held an additional evidentiary hearing and entered the following order:
“This cause was remanded to the Circuit Court of Clarke County, Alabama, by the Alabama Court of Criminal appeals, on, to-wit, the 1st day of December 1989.
“Upon consideration of: (1) a further hearing in this cause on the 2nd day of August 1990; (2) a review of the testimony heretofore presented on the 15th and 16th days of August 1988; and (3) the order of remandment by the Alabama Court of Criminal Appeals released December 1, 1989, the Court finds as follows:
“1. That the re-entry of the scene by John Michael Taylor at approximately 6 p.m. on the 7th day of December, 1987, was a mere continuation of the initial intrusion in the home of the defendant on said date at approximately 3 p.m. by Officer Maurice Dyess;
“2. That the following items of evidence which were seized subsequent to the initial emergency were within the plain view of Officer Maurice Dyess at the time he initially responded to the emergency situation and entered and secured the premises; vis. (1) State’s Exhibit No. 1 (a shotgun); (2) State’s Exhibit No. 2 (a .22 rifle); (3) State’s Exhibit No. 3 (a single-barrel shotgun); (4) State’s Exhibit No. 4 (brown bag); (5) State’s Exhibit No. 4 [sic] (gray bag); (6) State’s Exhibit No. 6 (Outers gun cleaning kit); (7) State’s Exhibit No. 38 (cushion); (8) State’s Exhibit No. 66 (sketch of crime scene); (9) State’s Exhibit No. 67 (small diagram); (10) State’s Exhibit No. 68 (bag with wadding and pellets; (11) State’s Exhibit No. 69 through No. 94 (photographs); (12) State’s Exhibit No. 95 (measurements); and, (13) State’s Exhibit No. 96 (shirt of deceased);
“3. That the defendant did execute a consent to search form for a search of the scene (his residence), after consultation with his attorney, Stuart C. DuBose;
“4. That the defendant’s consent to search was not gained by the State from the use of any evidence initially seized from the defendant’s residence on December 7, 1987; nor was any information gained from the evidence obtained during the initial search used in any way to acquire or obtain the defendant’s said consent to search the scene. Additionally, any evidence obtained subsequent to the defendant’s oral consent to search on the evening of December 7, 1987, and/or his written consent to search on the morning of December 8, 1987, would have, or could have, inevitably or ultimately been discovered by the lawful means of the defendant’s consent to search;
“5. That, considering the totality of the circumstances, both the defendant’s oral consent to search and the defendant’s said written consent to search *890 were voluntarily given by the said defendant.
“It is, therefore, ORDERED, ADJUDGED, AND DECREED that the following numbered exhibits offered by the State of Alabama on the 15th and 16th days of August, 1988, are not subject to the defendant’s said Motion to Suppress Illegally Obtained Evidence, but are determined by the Court to be admissible, namely: [see numbers (1) through (13) listed above].”
The record before this Court supports the above findings of the trial court. Therefore, the judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.